1:06-cv-01079-MMM   # 2   Page 1 of 3
2:01-cr-20017-MMM-DGB   # 181-1   Page 1 of 3
E-FILED
Friday, 24 March, 2006 01:50:40 PM
E-FILED
Wednesday, 22 March, 2006 08:25:38 AM
Clerk, U.S. District Court, ILCD
Clerk, U.S. District Court, ILCD



# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 01-20017 |
| | ) | |
| GENE L. SUTTON | ) | |
| | ) | |
| Defendant. | ) | |

FILED
MAR 2 0 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## ORDER

Before the Court is Gene L. Sutton's ("Sutton") Motion under Rule 60(b). Rule 60(b) is not an appropriate motion in this case because this is a criminal case and Sutton is essentially attempting to have the Court set aside or vacate his sentence. Accordingly, the Court construes this motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1]

In his Motion, Sutton argues that various officials including his Probation Officer, the Court, the Assistant United States Attorney, and various Bureau of Prisons staff members perpetrated a fraud on him because they revoked his supervised release and returned him to prison despite the fact that he never signed a Supervised Release Plan.

The facts relevant to this motion are quite simple. In 2002, Sutton was convicted of possession of marijuana with intent to distribute and sentenced to 46 months imprisonment and three years supervised release. After being released from prison but while on supervised release, Sutton violated the conditions of his supervised release. Sutton's probation officer petitioned the

---

[1] Sutton previously filed an unsuccessful motion pursuant to 28 U.S.C. § 2255 in which he asked the Court to vacate, modify, or set aside his original sentence. Therefore, the instant Rule 60(b) motion could be deemed as a second or successive § 2255 motion; however, because Sutton's Rule 60(b) motion attacks his modified sentence and not the original sentence, and the Seventh Circuit has already ruled on the merits of Sutton's current argument, the Court will address the merits of Sutton's claim.

Court to revoke Sutton's supervised release and Sutton was re-imprisoned for 6 months, followed by an additional two years of supervised release. Sutton filed a Notice of Appeal of that decision, but his appointed lawyer moved to withdraw because he could not discern a non-frivolous basis for the appeal.

The Seventh Circuit reviewed Sutton's attorney's argument and found that Sutton's claim was frivolous. *See United States v. Sutton,* No. 05-2654, 2006 WL 391571 (7th Cir., Feb. 21, 2006) (unpublished order). Sutton had claimed that his supervised release was not valid because he never signed the Supervised Release Plan. Sutton's argument stems from his belief that the Supervised Release Plan is a contract that is not valid unless it contains his signature. The Seventh Circuit rejected this argument and found that the Supervised Release Plan was valid, even without Sutton's signature, so long as Sutton had actual notice of the terms of his supervised release. Finding that Sutton had actual notice of the conditions of his supervised release, the Seventh Circuit granted Sutton's attorney's motion to withdraw and dismissed Sutton's appeal.

After Sutton finished serving his six months of additional imprisonment, he was again released from prison and placed on supervised released for two years. Once again, he refused to sign the Supervised Release Plan. He then violated the conditions of his supervised release by failing to report to the Probation Department within 72 hours of his release from prison. As a result, the Court revoked his supervised release and sentenced him to twelve months in prison with no additional period of supervised release. Although it is not entirely clear from the motion whether the instant motion pertains to Sutton's initial period of supervised release or his second period of supervised release, the timing of the motion lead to the conclusion that the motions pertains to the second period. Regardless, Sutton makes the same argument with respect to both

2

periods. Sutton argues that the Supervised Release Plan is a contract and that he never signed the contract and therefore he can not be found to have breached the conditions of his release by failing to abide by the terms of his supervised release. As stated, the Seventh Circuit has rejected this argument and found that Sutton is subject to the conditions of supervised release as long as he had actual notice of the conditions. The Seventh Circuit found that he had actual notice for the first period of supervised release and this Court found that he had actual notice of the conditions of the second supervised release period. Specifically, in his second revocation hearing, the Court heard testimony from Sutton's Probation Officer that he was given a Supervised Release Plan containing the conditions of his supervised release, that the Probation Officer sent Sutton a letter reminding him of his duty to report to the Probation Department after his release, and that Sutton's case manager at the prison had reviewed the letter with Sutton. Accordingly, despite Sutton's refusal to sign the Supervised Release Plan, the Court finds that Sutton had actual notice of the conditions of his release; specifically that he was required to report to the Probation Department within 72 hours of his release. Therefore, Sutton's instant Rule 60(b) motion, which the Court construes as a motion pursuant to 28 U.S.C. § 2255 is DENIED.

ENTERED this 20th day of March, 2006.

___s/Michael M. Mihm___
Michael M. Mihm
United States District Judge
